IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION 17-00124-KD-N |
| | ) | |
| EDGAR PAZ GONZALEZ, | ) | |
|    Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's "Appeal of Denial of Motion to Reconsider Detention Order under Seal." (Doc. 16).

On June 29, 2017, the Government filed an indictment against the Defendant for violation of 8 U.S.C. § 1326(a) & (b)(2) (illegal re-entry into the United States after removal). (Doc. 1). On July 12, 2017, the Government filed a Motion for Detention as to the Defendant, asserting a "serious risk" that he will flee and a "serious risk" that he will obstruct or attempt to obstruct justice…" (Doc. 3 at 2). The Government asserted as well, that there are no conditions or combinations of conditions of release which will reasonably assure the Defendant's appearance and/or the safety of any other person and/or the community. (Id.) On July 17, 2017 the Magistrate Judge held a detention hearing, and subsequently ordered the Defendant to be detained. (Doc. 10-SEALED; Doc. 11). On July 28, 2017, Defendant filed a motion for reconsideration of the detention order, with additional evidence which he moved to file under seal. (Doc. 14-SEALED). On August 1, 2017, the Magistrate Judge received the additional evidence under seal, but denied Defendant's motion for reconsideration. (Doc. 15-SEALED). On August 1, 2017, the Defendant appealed the Magistrate Judge's denial of his motion to reconsider the order of detention. (Doc. 16).

1

Review of the Magistrate Judge's findings and conclusions is *de novo*. United States v. King, 849 F.2d 485, 489-490 (11th Cir.1988); United States v. Kidd, 2013 WL 142317, *1 (N.D. Ga. Jan. 11, 2013) (citing United States v. Jeffries, 679 F. Supp. 1114, 1115 (M.D. Ga. 1987), United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987) and United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985))).

The *Bail Reform Act*, 18 U.S.C. § 3141 *et seq.*, governs the release and detention of a defendant awaiting trial. Pursuant to Section 3142(f)(2)(A), the Government may move for detention in a case that involves "a serious risk that such person [the defendant] will flee." When considering pretrial detention, the Court must decide whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: 1) the nature and circumstances of the offense, 2) the weight of the evidence, 3) the history and characteristics of the defendant, and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). The Government bears the burden of establishing by a preponderance of the evidence that no conditions will reasonably assure the defendant's presence at trial. United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985). Additionally, when a defendant seeks review of a detention order, the court may conduct an evidentiary hearing if it "determines that additional evidence is necessary or that factual issues remain unresolved" after reviewing the defendant's motion, or may rely on the pleadings and evidence considered by the magistrate judge to determine whether "the magistrate [judge]'s factual findings are supported and...the magistrate [judge]'s legal conclusions are correct." King, 849 F.2d at 490. If the magistrate judge's factual findings are supported and legal conclusions are correct, the court may "explicitly adopt the magistrate's pretrial detention order" without writing separate findings of fact and

statement of reasons supporting detention. Id.

Having conducted an independent and *de novo* review of the pleadings (including Defendant's submission of additional evidence with the motion to reconsider), the Pretrial Services Report, the taped July 17, 2017 detention hearing and the Magistrate Judge's rulings, the Court finds that the Magistrate Judge's detention order and her denial of the Defendant's motion to reconsider the detention order are due to be affirmed.

Specifically, under Section 3142(f)(2), the Magistrate Judge's denial of the Defendant's motion to reconsider the detention order is an implicit finding that the new evidence contained in the motion to reconsider would not have a material bearing on the decision to deny the Defendant's release. The Court agrees as the Court concurs with the determination of the Magistrate Judge that there is a serious risk the Defendant will flee, 18 U.S.C. § 3142(f)(2)(A), and that no release condition or combination of conditions will reasonably assure his presence at trial such that he must be detained (i.e., he remains a flight risk). This determination is based on the reasons stated by the Magistrate Judge in the detention order, as well as the fact that the Defendant has an extensive history of either failing to appear or failing to abide by court orders (i.e., not remaining outside the United States after being deported). The additional evidence of a person willing to act as a third party custodian does not change this determination.

Accordingly, it is **ORDERED** that the Defendant's Appeal (Doc. 16) is **DENIED** and that the Magistrate Judge's order denying the Defendant's motion to reconsider the detention order (Doc. 15-SEALED) is **AFFIRMED.**

**DONE** and **ORDERED** this the **7th** day of **August 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**